1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:  714.513.5130

7  Attorneys for Defendant
   TOYS "R" US, INC.

8

9                UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

12 | CHERYL THURSTON, an individual,, | Case No. 5:16-cv-02672 JAK (AFRx) |
   |---|---|
13 |                Plaintiff, | **DEFENDANT TOYS "R" US, INC.'S RESPONSE TO COURT'S ORDER** |
14 |        v. | **TO SHOW CAUSE** |
15 | TOYS "R" US, INC., a Delaware corporation; and DOES 1-10, inclusive, | |
16 | | |
17 |                Defendants. | Action Filed:     December 9, 2016 |
   | | Trial Date:       None Set |

18

19

20

21

22

23

24

25

26

27

28

                                                                    Case No.
                                          DEFENDANT'S RESPONSE TO OSC

Defendant Toys "R" US, Inc. ("Defendant") hereby submits its response to the Court's Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction:

## INTRODUCTION

The Court has issued an OSC why this case should not be dismissed for lack of federal question jurisdiction over plaintiff Cheryl Thurston ("Plaintiff")'s California Unruh Civil Rights Act ("Unruh Act") claim under *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002). As explained below, district courts have distinguished *Wander* and held that there is federal question jurisdiction when, as here, Plaintiff seeks injunctive relief and her Unruh Act claim is based solely on ADA violations. Moreover, Plaintiff and her counsel should not be allowed to forum shop – they have filed numerous identical lawsuits and have selectively chosen which cases to move to remand based upon which judges were assigned. Plaintiff is judicially estopped from arguing that there is no federal jurisdiction in some cases while actively litigating identical lawsuits in federal court in other cases.

## ARGUMENT

## I.     THIS COURT HAS FEDERAL QUESTION JURISDICTION.

### A.     The Interplay Between The ADA And The Unruh Act.

When it enacted Title III of the Americans with Disabilities Act ("ADA"), Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation. *See* 42 U.S.C. § 12188. In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA. *Id.* As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons. *See, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). Under the ADA, the only remedy available to private

1   plaintiffs is injunctive relief.  *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.

2   2002); 42 U.S.C. § 12188.

3          Following the ADA's enactment, lawmakers in the state of California decided

4   to modify California's Unruh Civil Rights Act ("Unruh Act") to incorporate the

5   ADA.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668-669 (2009).  As a result,

6   in California, a violation of the ADA may also constitute  grounds for a violation of

7   the Unruh Act.  Similarly, courts have held that a violation of the ADA also

8   constitutes grounds for a violation of the California Disabled Persons Act ("DPA").

9   The ADA has specific accessibility guidelines for physical structures such as

10  buildings which are contained in the 1991 ADA Standards and the 2010 ADA

11  Standards.  Similarly, the Unruh Act and the DPA have specific accessibility

12  standards for physical structures which are contained in the California Building

13  Code ("CBC").  TheSE accessibility standards under federal and state law largely

14  overlap, but California has some independent standards.  Thus, in general, a plaintiff

15  seeking to prove a violation of the Unruh Act or DPA could rely upon a violation of

16  the 1991 or 2010 ADA Standards or upon a violation of a standard in the CBC

17  which may or may not be identical to its federal counterpart.

18         In California, violations of these state-law statutes not only entitle successful

19  private plaintiffs to injunctive relief, but also statutory damages (assuming they can

20  show the additional state-law elements required for the awarding of damages).

21         As explained below, whether or not a district court has federal question

22  jurisdiction in a case alleging a violation of the Unruh Act depends on whether the

23  plaintiff is seeking injunctive relief or statutory damages and whether his Unruh Act

24  claim is premised upon violations of federal or state accessibility standards.

25         **B.    _Wander v. Kaus_ Is Inapplicable.**

26         *Wander v. Kaus*, 304 F.3d 856 (9th 2002) is distinguishable from Plaintiff's

27  lawsuit in this case.  In *Wander*, the Ninth Circuit merely stated that there was no

28  federal-question jurisdiction over a claim under the DPA for **statutory damages**

1  **after the ADA claim for injunctive relief had been dismissed as moot.**  As

2  explained below, courts have recognized that *Wander* does not apply to cases, such

3  as the one here, where the plaintiff seeks injunctive relief based upon violations of

4  the ADA.

5          The following cases are illustrative.  In *Fontano v. Little Caesar Enterprises,*

6  *Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), the court denied plaintiff's

7  request for attorneys' fees and costs in support of his motion to remand (which

8  defendant did not oppose).  Similar to the facts of this case, plaintiff asserted a cause

9  of action under the Unruh Act and sought injunctive relief and damages.  *Id.* at *1.

10 Plaintiff's cause of action under the Unruh Act was premised upon a violation of the

11 ADA.  *Id.*  He did not allege a cause of action under the ADA or seek relief under

12 the ADA in his prayer for relief.  *Id.*

13         Contending that defendant's removal was groundless, plaintiff sought his

14 attorneys' fees in support of his motion to remand.  Plaintiff cited *Wander* and

15 argued that "state law's incorporation of the ADA does not create federal-question

16 jurisdiction and asserted that '[t]he Ninth Circuit Court of Appeals cannot be any

17 clearer on this point:  Federal-question jurisdiction over a state-law claim is not

18 created just because a violation of federal law is an element of the state law claim.'"

19 *Id.*

20         The *Fontano* court disagreed and declined to award plaintiff any fees or costs:

21              "However, this issue is not as clear as Plaintiff suggests.  In

22              *Wander,* a plaintiff brought a claim for injunctive relief under

23              the Americans with Disabilities Act and a claim for damages

24              under the California Disabled Persons Act in federal court.

25              *Wander,* 304 F.3d at 857.  When plaintiff's claim for injunctive

26              relief became moot, the court dismissed his state law claims for

27              lack of subject matter jurisdiction, which plaintiff appealed.  *Id.*

28              at 857-58.  The *Wander* court affirmed the district court's

Case No.
DEFENDANT'S RESPONSE TO OSC

1    dismissal of plaintiff's state law claims, holding that "there is no
2    federal-question jurisdiction over a lawsuit for *damages*
3    brought under California's Disabled Person's Act, even though
4    the California statute makes a violation of the federal
5    Americans with Disabilities Act a violation of state law.
6    …
7    **Thus, the *Wander* court left open the question of whether a**
8    **claim seeking *injunctive relief* under a state law**
9    **incorporating the ADA would give rise to federal-question**
10   **jurisdiction**.
11   …
12   Without any evidence that Plaintiff's claim for injunctive relief
13   was moot at the time Defendant removed the case to federal
14   court, it is at the very least arguable that this Court had federal-
15   question jurisdiction over Plaintiff's section 51(f) claim."
16   *Id.* at *2.
17      Another district court in California, *Pickern v. Best Western Timber Cove*
18   *Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), relied upon by the
19   *Fontano* court, concluded that a complaint seeking **injunctive relief** under a state
20   law statute incorporating the ADA would, in fact, give rise to federal-question
21   jurisdiction.  The *Pickern* court reasoned:
22      "State law provides for injunctive relief as well as damages, *see*
23      Cal. Civ. Code § 52.1(b), and it is possible for a state law claim
24      for injunctive relief to be premised solely on a violation of the
25      ADA.  Such a claim would be no different from a federal ADA
26      claim.  **Federal question jurisdiction must exist in those**
27      **circumstances.**  Simply by incorporating the ADA into state
28      law, state legislatures cannot divest the federal courts of

1     original jurisdiction over state claims that are, for all intents and

2     purposes, federal ADA claims.  State claims for damages, on

3     the other hand, are not identical to federal ADA claims for

4     injunctive relief.  **Thus, federal courts would have original**

5     **jurisdiction over state claims for injunctive relief, and**

6     **supplemental jurisdiction over state claims for damages.**

7 *Id*. at 1132 n.5.  The opinion in *Pickern* was cited with approval by the Ninth Circuit

8 in *Wander*, *supra* at 860.

9     In this case, federal question jurisdiction exists.  Unlike *Wander*, Plaintiff

10 seeks injunctive relief and her Unruh Act claim is based exclusively upon violations

11 of the ADA.   Indeed, it is undisputed that Plaintiff seeks injunctive relief.  (Docket

12 1-1 at ¶22).  In addition, Plaintiff's complaint expressly states that Defendant's

13 website violates the ADA because it purportedly does not comply with version 2.0

14 of the Web Content Accessibility Guidelines ("WCAG 2.0").  (Docket 1-1 at ¶¶10,

15 21).  The Unruh Act and the CBC do not contain any website accessibility standards

16 and make no mention whatsoever of the WCAG 2.0.  Rather, Plaintiff contends that

17 compliance with the WCAG 2.0 is required by the ADA because the Department of

18 Justice has required compliance with WCAG 2.0 in several high–profile settlement

19 agreements and recently adopted WCAG 2.0 as the standard for federal government

20 websites.  There are no similar rules in the CBC or under state law.  Therefore,

21 Plaintiff's Unruh Act claim relies exclusively on alleged violations of the ADA.

22     Further, there can be no dispute that resolution of the injunctive relief

23 portion of a claim that is premised upon the ADA is of substantial importance to the

24 federal system.  Congress specifically designed the ADA around the idea that access

25 for persons with disabilities would be enhanced through resolution of access claims

26 by private litigants in the federal courts.  Federal policy is to effectuate improved

27 access for persons with disabilities by permitting private litigants to resolve their

28 claims in federal court where a plaintiff has alleged a violation of the ADA.  In fact,

1 Congress explicitly stated that one of the purposes in passing the ADA was "to
2 ensure that the *Federal government plays a central role in enforcing the standards*
3 *established in this act* on behalf of individuals with disabilities." 42 U.S.C.
4 § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the
5 federal courts to cede enforcement of the ADA to the states.

6 The applicable law in ADA website cases is evolving quickly given the
7 number of these cases being brought nationwide. For instance, there is a split
8 evolving in the courts on whether the ADA, in its current form, applies to all
9 commercial websites or just to the websites of parties who have brick and mortar
10 locations. *Compare Earll v. eBay*, 599 Fed. Appx. 695 (9th Cir. 2015) (no ADA
11 cause of action for alleged website inaccessibility against defendant with no
12 physical location) *with National Federation for the Blind v. Scribd*, 2015 WL
13 1263336 (D. Vt. Mar. 19, 2015) (online-only business may be liable for ADA
14 violation due to alleged inaccessibility of its website). Federal courts – not state –
15 courts – should be responsible for developing ADA case law.

16 **C.** **Plaintiff Should Not Be Allowed To Avoid Federal Jurisdiction**
17 **And Forum Shop By Artful Pleading.**

18 In identical actions alleging only an Unruh Act claim, Plaintiff and her
19 counsel have selectively chosen whether or not to move to remand based on which
20 judges were assigned. For example, Plaintiff has chosen to move to remand her
21 lawsuits entitled *Thurston v. Omni Hotels Management Corporation*, Case No. 5-
22 16-CV-2596-TJH (KKx), filed on November 30, 2016 and *Thurston v. The*
23 *Container Store, Inc*., Case No. 5-16-CV-2658-AG-DTBx, filed on November 14,
24 2016. (*See* Chilleen Decl. ¶¶2-4; Plaintiff's Motion to Remand Lawsuit against
25 Omni Hotels Management Corporation, attached as Exhibit A to Chilleen Decl.;
26 Plaintiff's Motion to Remand Lawsuit against The Container Store, attached as
27 Exhibit B to Chilleen Decl.). However, Plaintiff and her counsel have chosen not to
28 move to remand this action or the lawsuit entitled *Rios v. The Gymboree*

Case No.
DEFENDANT'S RESPONSE TO OSC

1  *Corporation*, Case No. 2:16-CV-09398-AB-AFM, filed on November 15, 2016.

2  (*See* Chilleen Decl. ¶2).  All of these lawsuits are identical except for the names of

3  the parties and the subject websites.  (*See* Chilleen Decl. ¶5-7; The Omni Hotels

4  Management Complaint, The Container Store Complaint, and The Gymboree

5  Corporation Complaint are attached respectively as Exhibits C, D, and E to Chilleen

6  Decl.).

7        When meeting and conferring on various anticipated motions to remand,

8  defense counsel asked Plaintiff's counsel why she was not moving to remand this

9  case or other identical lawsuits removed to federal court and she had no response.

10  (Chilleen Decl. ¶2).  The Court should not condone this blatant forum shopping.

11  Plaintiff and her counsel are judicially estopped from taking the position that this

12  Court lacks jurisdiction while actively litigating identical cases before other federal

13  judges.

## **CONCLUSION**

15        For the above reasons, the Court should retain jurisdiction over this lawsuit.

17  Dated:  February 13, 2017

18                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

20                      By    _____
21                                        /s/ Gregory F. Hurley
                                      GREGORY F. HURLEY

23                                    Attorneys for Defendant
                                      TOYS "R" US, INC.

SMRH:480310046.1                                    Case No.
                                    DEFENDANT'S RESPONSE TO OSC