VICTORIA C. KNOWLES, ESQ., Bar No. 277231
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464
vknowles@pacifictrialattorneys.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL THURSTON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TOYS "R" US, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:16-cv-02672-JAK-AGR<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Complaint filed:   December 9, 2016<br>Removal Filed:    December 28, 2016 |

## MEMORANDUM OF POINTS & AUTHORITIES

## I.  INTRODUCTION

Plaintiff Cheryl Thurston ("Plaintiff") agrees that this Court may not exercise subject matter jurisdiction over this matter, and that Defendant Toys "R" Us, Inc. ("Defendant") improperly removed this action. Based thereon, Plaintiff requests that the Court remand this action to the Superior Court of California for the County of San Bernardino.

Plaintiff filed this action in the Superior Court of California, and in her complaint asserted one cause of action against Defendant for its violation of California's Unruh Civil Rights Act ("Unruh Act"). Therein Plaintiff sought statutory damages and injunctive relief pursuant to the Unruh Act and acknowledged that Defendant's violation of the Americans With Disabilities Act of 1990 ("ADA") based on the same offending behavior was likewise a violation of the Unruh Act. Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section"). However, Plaintiff did not allege a cause of action pursuant to the ADA, nor did she seek relief pursuant thereto.

Despite Plaintiff's cause of action and prayer for relief sounding in California law, Defendant still removed this action contending that because Plaintiff acknowledges that a violation of the ADA is likewise a violation of the Unruh Act, and because Plaintiff seeks injunctive relief, this Court maintains original jurisdiction. However, in doing so Defendant wholly and erroneously ignores binding case law from the Ninth Circuit directly on point. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) (holding "there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.").

///

## II. FACTUAL BACKGROUND

Plaintiff filed her complaint in this action on December 9, 2016 in the Superior Court of California for the County of San Bernardino. Plaintiff alleged only one cause of action against Defendant for violation of California's Unruh Civil Rights Act based on Defendant's failure to maintain its website, www.toysrus.com, in a fully and equally accessible manner for site-impaired individuals as it does for non-site-impaired individuals. Specifically, Plaintiff alleged that because of the numerous accessibility barriers on Defendant's website, including but not limited to the lack of alternative text, empty and redundant links, and missing form labels, Plaintiff has been and continues to be prevented from effectively accessing and using Defendant's website.

Plaintiff did not include any federal causes of action; specifically, Plaintiff did not allege a cause of action based on Defendant's violations of the ADA, 42 U.S.C. § 12101 *et seq.* Instead, Plaintiff alleged that Defendant violated section 51 of California's Civil Code based on its failure to provide equal access for people with disabilities to its the accommodations, advantages, facilities, privileges, and services of its business establishments, specifically toysrus.com. Plaintiff likewise acknowledged that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act" and that Defendant's conduct likewise violated the ADA. (Complaint, ¶ 21). Though Plaintiff acknowledged a violation of the ADA likewise constitutes a violation of the Unruh Act, Plaintiff did not allege a cause of action under the ADA or seek relief pursuant to the ADA.

## III. ARGUMENT

### A. <u>Applicable Law.</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute, .

. . . which is **strictly construed *against* removal**." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added).

### B. This Action Is Not Properly Removable Under 28 U.S.C. § 1331.

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996). Here, Defendant contends that Plaintiff's cause of action consists of a civil rights action that arises under the ADA, and that the instant action thus is removable. (Notice of Removal, ¶¶ 3-4, at 1).

Defendant does not, and indeed cannot, dispute that Plaintiff did not plead any federal causes of action. Instead, Plaintiff alleged *one* cause of action based on California law. It is true, as Plaintiff admits in his Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." *Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012)). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. *Yoshinoya America Inc., supra*, 2013 WL 865596, at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*,

463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

**"*Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims.*"** *Yoshinoya America Inc.*, *supra,* 2013 WL 865596, at *2 (emphasis added) (referencing *Wander v. Kaus, supra,* 204 F.3d at 859) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); and *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir. 1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that "***there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.***" To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." 304 F.3d at 857 (emphasis added); *see also Kohler v. Southland Foods, Inc.*, 459 Fed. Appx. 617, 618-19 (9th Cir. 2011) ("[Defendant] argues that state-law claim 'arises under' federal law because the Unruh Civil Rights Act incorporates an ADA violation as an element. We have rejected this position."); *Martinez v. Del Taco, Inc.*, 252 Fed. Appx. 148, 149 (9th Cir. 2007) ("The question presented on this appeal is identical to the one raised and decided by us in *Wander v. Kaus*: 'When a state statute incorporates a federal statute in defining a

violation of state law, is a federal question thereby created?' . . . The district court properly followed *Wander* and answer the question presented in the negative."); *Love v. Ayoub*, No. EDCV 15-1778-VAP (KKx), 2016 WL 3671089, at *4 (C.D. Cal. June 30, 2016) ("The Court is bound by the Ninth Circuit's holding in *Wander*, and finds that Plaintiff's other claims for relief do not arise under federal law within the meaning of 28 U.S.C. § 1331."); *Laughton v. Tenet Healthcare Corp.*, No. CV-15-1310-PHX DGC, 2015 WL 5611520, at *2 (D. Ariz. Sept. 23, 2015) ("Federal question jurisdiction is not created simply because a violation of federal law is an element of the state law claim."); *Paulick v. Bavarian Lion Vineyard Dev, LLC*, No. C 08-04860 CW, 2009 WL 691123, at *2 (N.D. Cal. Mar. 10, 2009) ("under *Wander*, the fact that a violation of the ADA is an element of a state cause of action is not sufficient to confer federal question jurisdiction. Accordingly, the Court does not have original jurisdiction over Plaintiff's state law claims."); *Louie v. BFS Retail & Commercial Operations, L.L.C.*, No.CIV. S-07-2340 WBS KJM, 2008 WL 648458, at *3 (E.D. Cal. Feb. 28, 2008) ("this court has repeatedly recognized that while a plaintiff whose rights are violated under the ADA may still seek damages under state law claims, federal question jurisdiction is not created just because this violation is an element of the state law claims."); *Gunther v. Ralphs Grocery Co.*, No. CV052243GHKPJWx, 2005 WL 3789582, at *2 (C.D. Cal. May 3, 2005) ("we conclude that [plaintiff's] allegation that Defendant is liable under the state law due to a violation of the ADA does not create federal question jurisdiction in this case. As pled, Plaintiff's [Unruh Act] claims do not arise under the ADA."); *Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817, at *3 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction).

And while it is true that the federal injunctive relief request in *Wander* was dismissed as moot, and that helped form the basis for the decision supporting remand, the injunctive relief request here is *not* made pursuant to the ADA, and is instead premised upon a California *state law*, California Civil Code § 51 *et seq*. Even if

Plaintiff's cause of action *were* premised upon the ADA, *Wander* confirms Plaintiff's state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law. *Id.*

Defendant wholly failed to address the *Wander* decision in its removal papers; indeed, it did not even reference this binding authority. Similarly, Defendant failed to address the recent decision in the *Yoshinoya America Inc.* action. In *Yoshinoya America Inc.*, the wheelchair-bound plaintiff alleged two causes of action, one for violation of Title 24 of the California Building Code and the other for violations of California Civil Code §§ 54, 54.1, and the second for violation of California's Unruh Civil Rights Act based on the alleged barriers preventing the plaintiff's accessibility upon the defendant's premises, and sought both statutory damages and injunctive relief pursuant thereto.

There, the defendant attempted to remove the plaintiff's action on the grounds that plaintiff's case arose under the ADA and that the Plaintiff's request for injunctive relief made the action removable. The district court granted remand for the same reasons the Court should remand this action; namely, because "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Yoshinoya America Inc., supra,* 2013 WL 865596, at *2 (quoting *Wander, supra,* 304 F.3d at 859). Again: "The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction." *Pickern v. Best Western, supra,* 194 F.Supp.2d at 1131.

In its removal papers, Defendant ignores all of this authority and simply states that "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* (Complaint ¶¶ 1, 5, 10, 21)" without any actual support. (Notice of Removal, ¶ 4, at 1).

Similarly, in its memorandum in support of this Court's subject matter jurisdiction over this matter, Defendant relies upon *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), in an attempt to create

ADA reliance where none exists, and as such is completely misplaced. Unlike here, the plaintiff in *Fontano* expressly based his Unruh cause of action upon the defendant's alleged violation of the ADA. That is not the case here. Plaintiff's Unruh cause of action, and the injunctive relief and statutory damages sought pursuant thereto, are independent of Defendant's violations of the ADA. Indeed, Plaintiff acknowledges as much when she fulfills the pleading requirements for an independent Unruh cause of action: "Defendant's actions constitute *intentional discrimination* against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and *has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause*." (Complaint at ¶ 20) (emphasis added).

Defendant's reliance on the dicta in *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) in its memorandum is likewise incomplete and misleading, as explicitly acknowledged in the *Yoshinoya America* decision. In *Yoshinoya America*, like here,

> Defendants argue that because Jackson seeks injunctive relief, and because the California statute providing for that relief incorporates the ADA, a federal question is raised. The court disagrees for two reasons. First, the language in *Pickern* is at best persuasive dicta; second, the language does not reach as far as defendants suggest. The *Pickern* court implicitly distinguished between the "unlikely" claim described above—which it assumed without deciding would support original jurisdiction—and state claims not *solely* based on ADA violations. *Id.* ("The question of original jurisdiction over a state claim for injunctive relief is therefore unlikely to arise").
>
> **Moreover, even if defendants' reading of the *Pickern* dicta is correct, their argument fails because Jackson's injunctive relief prayer is not**

**based solely on ADA violations. While it is true that Jackson alleges defendants violated the ADA, <u>he bases his causes of action solely on violations of state laws</u>** (e.g. California Civil Code §§ 54 and 54. 1, California Health & Safety Code § 19955, California Civil Code § 519(b), etc.)**, and seeks injunctive relief based on violations of those laws**.

*Yoshinoya America*, 2013 WL 865596, at *3 (emphasis added). Plaintiff's cause of action and her request for relief is the same as the plaintiff in *Jackson*: "<u>While it is true that [Plaintiff] alleges defendants violated the ADA, [she] bases [her] cause[] of action solely on violations of state laws …, and seeks injunctive relief based on violations of those laws</u>." *Id.*

For all of the reasons set forth above, the fact that Plaintiff acknowledges that ADA violations are likewise Unruh Act violations does not make Plaintiff's claim removable.

## IV. DEFENDANT'S REFERENCE TO MATTERS OUTSIDE PLAINTIFF'S COMPLAINT VIOLATES THE WELL-PLEADED COMPLAINT RULE AND IS IRRELEVANT.

In an attempt to support its improper removal of this action, in its memorandum Defendant reverts to referencing wholly unrelated matters that are not relevant to the impropriety of removal or the propriety of remanding the action at issue.

Other actions filed by Plaintiff's counsel are irrelevant to the propriety of this action's presence in District Court, and any reference thereto violates the well-pleaded complaint rule. "[W]hether a case is one arising under ... a law ... of the United States ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint]...." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76 (1914)); *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988). Therefore, even assuming other complaints filed by Plaintiff's counsel are "evidence" of removability, which they are not, they should not be considered by the

Court because, naturally, no reference to unrelated actions appears within the four corners of Plaintiff's complaint. Further still, of the three matters referenced by Defendant, two are likewise in remand proceedings.[1]

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of San Bernardino.

Dated: February 14, 2017

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: *[signature]*
Victoria C. Knowles
Attorney for Plaintiff

---

[1] *Thurston v. Omni Hotels Management Corporation*, Case No. 5:16-cv-02596-TJH-KK (filed November 30, 2016); *Thurston v. The Container Store, Inc.*, Case No. 5:16-cv-2658-AG-DTBx (filed November 14, 2016).

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles*
Victoria C. Knowles