UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02672 JAK (AGRx) | Date | February 23, 2017 |
| Title | Cheryl Thurston v. Toys R Us, Inc. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING CASE TO SUPERIOR COURT [JS-6]**

**I.   Introduction**

Cheryl Thurston ("Plaintiff") filed this action in the San Bernardino Superior Court against Toys "R" Us, Inc. ("Defendant") alleging disability discrimination under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* ("Unruh Act"). Complaint, Dkt. 1-1. Defendant removed this action, claiming that there is original jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal, Dkt. 1. The Notice of Removal states, "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*" *Id.* at ¶ 4.

On February 2, 2017, an Order to Show Cause Why the Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction ("OSC") was issued. Dkt. 11. It ordered the parties to submit briefing as to whether there is subject matter jurisdiction over this action. Dkt. 11. Both parties timely responded to the OSC. Dkts. 12, 13.

Based on a review of the submissions by the parties, and the operative pleadings, it is determined that there is no federal, subject matter lacks jurisdiction over this action. Therefore, it is **REMANDED** to the Superior Court.

**II.   Analysis**

   A.   Legal Standards

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), a district court must determine the issue of subject-matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, a case arises under federal law when "federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Under the well-pleaded complaint rule,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02672 JAK (AGRx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Cheryl Thurston v. Toys R Us, Inc. | | |

"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

Federal question jurisdiction may also arise when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander*, 304 F.3d at 858 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). This is a "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton,* 133 S. Ct. 1059, 1064-65 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 547 U.S. at 1065. "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id*. (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313-14 (2005)).

  B. Application

Plaintiff is blind and uses a screen reader to access online content. Complaint, Dkt. 1-1 at ¶ 4. The Complaint alleges that Defendant violated the Unruh Act because its website, www.toysrus.com, contains numerous barriers that have denied Plaintiff full and equal access and use. *Id*. at ¶ 18. On its face, the Complaint seeks relief only under state law. Thus, it is necessary to determine whether an exception to the well-pleaded complaint rule applies.

Plaintiff argues that the absence of jurisdiction is established by *Wander v. Kaus*. There, the Ninth Circuit considered whether there was federal jurisdiction over a claim for damages under the California Disabled Persons Act ("DPA"), Cal. Civ. Code §§ 54, *et seq.*, which incorporated certain terms of the ADA. *Wander*, 304 F.3d at 857. *Wander* noted that damages were not available under the ADA, but were under the section of the DPA that incorporated the ADA. *Id*. at 858. It then concluded, "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Id*. at 859. In support of this statement, *Wander* cited *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128 (E.D. Cal. 2002), in which a district court concluded that "Congress's choice not to provide a damages remedy under the ADA signified a congressional conclusion that the presence of an ADA violation as an element of the DPA is insufficient to confer federal question jurisdiction." *Wander*, 304 F.3d at 860.

Defendant argues that *Wander* is not controlling because it did not address circumstances in which the plaintiff seeks injunctive relief, as opposed to damages, based upon alleged violations of the ADA. In support of this argument, Defendant cites *Fontano v. Little Caesar Enterprises Inc.*, No. CV 10-6707 GAF FFMX, 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010). The court there stated that the "*Wander* court left open the question of whether a claim seeking *injunctive relief* under a state law incorporating the ADA would give rise to federal-question jurisdiction. *Id*. (emphasis in original). *Fontano* noted that *Pickern* included the following footnote:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02672 JAK (AGRx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Cheryl Thurston v. Toys R Us, Inc. | | |

> State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.

*Id.* (quoting *Pickern*, 194 F. Supp. 2d at 1132 n.5). Defendant argues that because Plaintiff seeks injunctive relief, her claim under the Unruh Act is one over which there is federal jurisdiction.

*Jackson v. Yoshinoya Am. Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *3 (C.D. Cal. Mar. 7, 2013) rejected a similar argument where defendants had removed a case brought under Title 24 of the California Building Code and California Civil Code §§ 51(b), 54 and 54.1. *Id.* at *1. *Jackson* noted that the *Pickern* footnote was non-binding dictum. *Id.* at *3. Further, *Jackson* emphasized that the footnote "implicitly distinguished between the 'unlikely' claim [based solely on an ADA violation] -- which it assumed without deciding would support original jurisdiction -- and state claims not *solely* based on ADA violations." *Id.* (emphasis in original). The court cited *Louie v. Hilton, 39900 Balentine Drive, Newark, CA*, No. C 07-00833 CRB, 2007 WL 878556 (N.D. Cal. Mar. 22, 2007), which also distinguished *Pickern* based on the "solely" language. *Id.* at *1. *Louie* noted that the complaint in that case "specifically requests injunctive relief for defendant's alleged failure to comply with the California Building Code." *Id.* "Moreover, the complaint specifically disavows any intent to seek any injunctive relief that is beyond that required by state law." *Id.*

Here, it is not evident that Plaintiff's claim is based solely on alleged violations of the ADA. The Unruh Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). In also states that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." *Id.* § 51(f).

In support of the claim for a violation of the Unruh Act, the Complaint alleges that

> Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02672 JAK (AGRx) | Date | February 23, 2017 |
| Title | Cheryl Thurston v. Toys R Us, Inc. | | |

Complaint at ¶ 20. It further alleges that:

> Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq.* Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

*Id.* at ¶ 21.

The relief requested in the Complaint includes "[a] preliminary and permanent injunction enjoining Defendants from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*" and "a preliminary and permanent injunction requiring Defendant to take the steps necessary to make www.toysrus.com readily accessible to and usable by visually-impaired individuals." *Id.* at 20.

A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim for relief is not based *solely* on the ADA. "When a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Defendant argues that the paragraph of Plaintiff's Complaint that refers to the Web Content Accessibility Guidelines ("WCAG 2.0") discloses an intent to rely on the ADA to establish liability. Complaint at ¶ 10. As Defendant argues:

> The Unruh Act and the [California Building Code] do not contain any website accessibility standards and make no mention whatsoever of the WCAG 2.0. Rather, Plaintiff contends that compliance with the WCAG 2.0 is required by the ADA because the Department of Justice has required compliance with WCAG 2.0 in several high-profile settlement agreements and recently adopted WCAG 2.0 as the standard for federal government websites. There are no similar rules in the CBC or under state law.

Dkt. 12 at 6.

This argument is unpersuasive. The Unruh Act does not mention the WCAG 2.0, but nor does the ADA. The Complaint does not refer to Department of Justice settlements or the standard for federal government websites, neither of which is binding in federal or state courts. Rather, the Complaint states, "WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible." Complaint at ¶ 10. There is no showing that these guidelines are only relevant to ADA claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02672 JAK (AGRx) | Date | February 23, 2017 |
| Title | Cheryl Thurston v. Toys R Us, Inc. | | |

"The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). In light of the prior discussion, this standard has not been met here.

Consequently, this action is remanded to Superior Court for the County of San Bernardino, CIVDS1620827.

**IT IS SO ORDERED.**

:

Initials of Preparer   ak